UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GAULBERTO RODRIGUEZ,

        Petitioner,                            Civil Number 05-10189-BC
                                                      Criminal No. 02-20042-BC
v.                                                   Honorable David M. Lawson

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER DENYING MOTION TO VACATE SENTENCE

Petitioner Gaulberto Rodriguez, a federal prisoner currently confined at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, alleging that he was sentenced in violation of his federal constitutional rights. The petitioner asserts that he was sentenced on the basis of facts not submitted to a jury and proved beyond a reasonable doubt in violation of the rule in *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005). Because the motion and records of the case conclusively show that the petitioner is not entitled to relief, the Court will deny the motion to vacate sentence and not order the government to file an answer. 28 U.S.C. § 2255 para.2.

I.

The petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The plea agreement, signed by the petitioner, states that count two of the indictment was to be dismissed in exchange for the petitioner's guilty plea to the conspiracy charge in count one. The plea agreement also contains the stipulation "[t]hat the defendant is accountable for sentencing purposes for drug amounts that include cocaine that result in an offense level of 30."

The plea agreement called for a sentence that did not exceed the midpoint of whatever sentencing guideline range was determined by the court. Attached to the plea agreement was a worksheet prepared by the government that calculated the anticipated sentence range according to the United States Sentencing Guidelines. The government began with the stipulated base level of 30, which was reduced by three levels for acceptance of responsibility, reflecting an anticipated net offense level of 27. The petitioner's criminal record produced three criminal history points, which yielded a criminal history category of II. The resulting sentencing range was 78 to 97 months, with the midpoint of the range at 87 months. The petitioner was sentenced to 78 months in prison, and the judgment was entered on November 24, 2003. The petitioner did not appeal his conviction or sentence.

On July 27, 2005, the petitioner filed a *pro se* motion to vacate his sentence alleging that he was sentenced in violation of the rule in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Booker*. He contends that because he only pleaded guilty to charges involving 500 grams or more of cocaine, the petitioner's Sentencing Guidelines offense level should have been calculated using a base level of 26, which translates into a 51-month prison term.

II.

A federal prisoner claiming to be in custody in violation of the Constitution or laws of the United States may seek relief by filing a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Section 2255 provides for a one-year statute of limitations which runs from the latest of

    (1) the date on which the judgment of conviction becomes final;

>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 para.6. The petitioner asserts that subparagraph 3 applies to his case.

If the limitations period is calculated from the date the petitioner's conviction became final in this case, his motion is untimely. A federal criminal judgment that is not appealed becomes final for the purpose of section 2255 ten days after it is entered. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). The petitioner's conviction became final in this case, therefore, on December 9, 2003. The limitations period, then, would expire one year later, on December 9, 2004.

However, the petitioner contends that his motion is timely because the right he asserts was first recognized in *Booker*, which was decided in January 2005. The petitioner argues that the Supreme Court has not yet ruled that *Booker* is applicable to cases pending on collateral review, but he insists that it should be retroactive because it fits an exception to the nonretroactivity rule outlined in *Teague v. Lane*, 489 U.S. 288 (1989). However, section 2255 explicitly requires that the newly-established right must be made retroactively applicable to cases on collateral review in order to trigger the application of subparagraph 3. 28 U.S.C. § 2255 para.6. Furthermore, as the petitioner admits in his brief, the Sixth Circuit has ruled that *Booker* is not retroactively applicable under *Teague*. *See Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005). This Court is bound

by that decision. Because *Booker* is not retroactively applicable, the petitioner's motion cannot be considered timely under subparagraph 3 of section 2255 para.6.

Even if the motion was timely, it is clearly without merit. The petitioner cannot invoke *Booker* because, as noted, it has been held to be inapplicable to cases on collateral review. *Humphress*, 398 F.3d at 863. The petitioner asserts that sentencing level 30 corresponds to a crime involving 3.5 to five kilograms of cocaine, that he did not admit to this drug amount, and that the drug amount was not determined by a jury. He contends that "the drug amount was determined by a District Court Judge based on a preponderance of the evidence standard, which was in violation of Petitioner's Sixth Amendment right to trial by jury." Pet'r Mem. of Law at 2. However, the plea agreement states that the petitioner pleaded guilty to a charge involving "500 grams or more" of cocaine, and he stipulated that he was accountable for drug quantities that called for a base offense level of 30. The petitioner's sentence, therefore, offends neither *Apprendi* nor *Booker*, since he actually admitted on the record the facts upon which the Sentencing Guidelines calculation was based.

III.

The Court finds that the petitioner's motion to vacate his sentence is without merit, and the motion papers and case file conclusively show that the petitioner is not entitled to relief.

Accordingly, it is **ORDERED** that the motion to vacate sentence [dkt # 37] is **DENIED**.

                                        s/David M. Lawson
                                        DAVID M. LAWSON
                                        United States District Judge

Dated: October 5, 2005

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 5, 2005.

        s/Tracy A. Jacobs
        TRACY A. JACOBS

-5-